IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SHEILA L. CLARK,

          Plaintiff,

v.                                                    CIVIL ACTION NO. 3:15-0384

ANDERSON MERCHANDISERS, LLC,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Sheila L. Clark's Motion to File an Amended Complaint. ECF No. 56. For the reasons set forth herein, Plaintiff's motion is **GRANTED**.

**I.
RELEVANT FACTUAL
AND PROCEDURAL HISTORY**

This case involves a wrongful termination action brought by Plaintiff against her former employer Defendant Anderson Merchandisers, LLC.[1] In her original Complaint, Plaintiff claimed that she was discharged because of her age in violation of the West Virginia Human Rights Act, W. Va. Code § 5-11-1 *et seq.*, and following her termination, she was not paid in full within seventy-two hours, in violation of the West Virginia Wage Payment and Collection Act, W. Va. Code § 21-5-4. On March 4, 2015, the Court entered a Scheduling Order setting an April 15, 2015

---

[1] Originally, "AM East, LLC" was named as the employer/Defendant. On February 11, 2016, the Court entered an Agreed Order substituting Anderson Merchandisers, LLC as the employer/Defendant. In addition, Plaintiff named her former District Manager RoAnn Leonard as a Defendant. The Court entered an Agreed Order of Dismissal, dismissing Ms. Leonard from this action on March 14, 2016.

deadline for amended pleadings and a November 13, 2015 discovery deadline. On December 1, 2015, the parties filed a Joint Motion to Continue Pretrial and Trial Deadlines because discovery revealed potential witnesses in Kentucky. The Court granted the motion and entered an Amended Scheduling Order on December 9, 2015, directing that all depositions and discovery be complete by February 11, 2016.

Thereafter, on March 2, 2016, Plaintiff moved to amend her Complaint to add a claim for the tort of outrage. In support of her claim, Plaintiff asserts that, during the extended discovery period, she learned that the District Manager knowingly lied and those lies were used as the pretextual grounds for her termination. Specifically, in her proposed Amended Complaint, Plaintiff alleges she was terminated as a Sales Representative for "stealing time" from her employer based upon the District Manager knowingly reporting false information that Plaintiff was not at work, when in fact the District Manager knew she was at work. Plaintiff states she was a good employee for Defendant (and its predecessors) for eighteen years, and she suffered emotional distress because of the way Defendant effected her discharge. Therefore, Plaintiff seeks to add a claim for a tort of outrage to her Complaint. Defendant is opposed to the motion and argues it is both untimely and futile as a matter of law.

## II.
## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of a complaint if a responsive pleading was filed more than 21 days earlier "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a), in part. On the other hand, Rule 16(b) of the Federal Rules of Civil Procedure governs the entry of scheduling orders. Once entered, Rule 16(b)(4) provides that "[a]

schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). In *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295 (4th Cir. 2008), the Fourth Circuit held that, although district courts under Rule 15 should freely give leave to amend pleadings "when justice so requires[,]" if "the deadlines provided by a scheduling order have passed, the good cause standard [of Rule 16] must be satisfied to justify leave to amend the pleadings." 535 F.3d at 298. In *Stewart v. Coyne Textile Services*, 212 F.R.D. 494 (S.D. W. Va. Jan. 31, 2003), this Court explained that Rule 16(b)'s "good cause" standard focuses primarily on the moving party's diligence and the reasons for delay. *Stewart*, 212 F.R.D. at 496–97 (citing *Marcum v. Zimmer*, 163 F.R.D. 250 (S.D. W. Va.1995)). If an amendment satisfies Rule 16(b), Rule 15(a) then requires the Court to look at the potential bad faith of the moving party as well as prejudice to the opposing party. *Id.* at 497; *see Nourison Rug Corp.*, 535 F.3d at 298–99 (recognizing the tension between Rules 15 and 16, but not reaching the district court's finding of futility under Rule 15(a) because it affirmed district court's Rule 16(b) application of "good cause" standard).

In the present case, Plaintiff moved to amend her Complaint shortly after the relevant depositions were taken in this case, which revealed the facts giving rise to the Plaintiff's new claim. Plaintiff did not cavalierly disregard the scheduling deadline, but acted with due diligence in seeking the amendment. Therefore, the Court finds that Plaintiff has met the "good cause" standard of Rule 16(b).

Turning next to the comparatively lighter burden under Rule 15, "[a] "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp.*, 535 F.3d at 298 (citing *HCMF Corp. v. Allen*,

238 F.3d 273, 276–77 (4th Cir. 2001)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (Absent evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment," and so forth, leave to amend is freely granted.). Here, the Court finds there is no evidence that Plaintiff acted in bad faith or was purposefully dilatory in filing her motion. In addition, the Court finds that the prejudice to Defendant is minimal. This case is not set for trial until June 21, 2016, and the amendment is related to other claims Plaintiff has made.

Defendant argues, however, the amendment should be denied as futile because the claim fails as a matter of law. In *Harless v. First National Bank in Fairmont*, 289 S.E.2d 692 (W. Va. 1982), the West Virginia Supreme Court first recognized a claim for intentional infliction of emotional distress and stated:

> One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

Syl. Pt. 6, *Harless*. In *Travis v. Alcon Laboratories, Inc.*, 504 S.E.2d 419 (W. Va. 1998), the West Virginia Supreme Court further stated that to prove a claim for intentional infliction of emotional distress, a plaintiff must establish:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Syl. Pt. 3, *Travis*. It is this Court's role to evaluate the evidence and "determine whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to constitute the intentional or reckless infliction of emotional distress." Syl. Pt. 4, in part, *id*. If it is legally sufficient, it is the role of the jury to determine if it is factually sufficient. *Id*. The standard for finding an intentional infliction of emotional distress is high. The conduct at issue must be so "'outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Tanner v. Rite Aid of W. Va., Inc.*, 461 S.E.2d 149, 156 (W.Va. 1995) (quoting from the Restatement of Torts (Second), § 46, comment (d) (1965)).

Defendant argues the amendment is futile because it cannot meet this standard. Therefore, the Court must determine whether the proposed Amended Complaint is "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citations omitted); *see also In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile."). In *Dzinglski v. Weirton Steel Corp.*, 445 S.E.2d 219 (W. Va. 1994), the West Virginia Supreme Court held that a claim for intentional infliction of emotional distress in a wrongful discharge case cannot be based on the fact the plaintiff may be embarrassed or have suffered financial loss from being fired. Syl. Pt. 2, *Dzinglski*. However, a claim may be brought when the manner in which a plaintiff was fired is outrageous. *Id*.

In this case, Plaintiff asserts that the District Manager knowing lied when she said that Plaintiff failed to report to work when, in fact, the District Manager had viewed a security

video showing Plaintiff was at work. In addition, Plaintiff claims that the District Manager knowingly lied when she reported that the department manager for Wal-Mart said he had not seen Plaintiff in three weeks and the co-manager of Wal-Mart said he had not seen Plaintiff in months. To the contrary, Plaintiff states the Wal-Mart manager Billy J. Pinson stated in a deposition that he did not recall ever making a complaint about Plaintiff and that he had no recollection of any problems with her not being at work or not doing her work appropriately. He further stated he was surprised when he was told that she was being terminated for not being there when she was supposed to be because he said Plaintiff was always at the store. Similarly, Brian Kinnard, a co-manager of the Wal-Mart store, stated during his deposition that he often saw Plaintiff in the store and that he did not recall ever receiving any complaints about Plaintiff not doing her job.

Plaintiff argues that this evidence supports her claim because it shows the District Manager acted intentionally and recklessly when she lied about Plaintiff's work and falsely accused her of "theft of time." Plaintiff further insists that the manner in which she was terminated was outrageous because the District Manager's lies were an attack on her moral character. In addition, the District Manager told the Asset Protection Manager of Wal-Mart that she was investigating Plaintiff for "theft of time," and the District Manager informed the Wal-Mart co-managers "what was going on and ask[ed] for a room to complete termination" at the store. *Timeline of "Sheila Clark Issue," by District Manager RoAnn Leonard*, at 1 (ECF No. 61-5, Ex. E). Plaintiff stated in her deposition that she was in shock, embarrassed, and humiliated, and she asserts there clearly is a causal connection between Defendant's wrongdoing and her emotional distress, which was severe.

On the other hand, Defendant argues that there is no evidence its conduct was outrageous, it acted with an intent to inflict emotional distress, or it acted with such recklessness that it was certain or substantially certain emotional distress would result. In addition, Defendant argues there was no evidence Plaintiff suffered severe emotional distress, or any emotional distress for that matter.

However, as stated above, the Court's role is to evaluate the evidence and "determine whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to constitute the intentional or reckless infliction of emotional distress." Syl. Pt. 4, in part, *Travis*. If it is legally sufficient, it is the role of the jury to determine if it is factually sufficient. *Id*. As the pending motion is one to amend and as the proposed Amended Complaint must be construed liberally, the Court cannot say Plaintiff's claim is frivolous or legally deficient on its face. *Davis v. Piper Aircraft Corp*., 615 F.2d 606, 613 (4th Cir.1980). Instead, the Court finds Plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] Therefore, the Court **GRANTS** Plaintiff's motion.

### III.
### CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion to File an Amended Complaint. ECF No. 56. The Court recognizes, however, that the proposed Amended Complaint names RoAnn Leonard as a Defendant, but Ms. Leonard was dismissed from this action following

---

[2]The Court makes no judgment as to whether this claim can withstand a motion for summary judgment as the parties did not brief the issue under a motion for summary judgment standard.

the filing of the proposed Amended Complaint. Therefore, the Court **DIRECTS** Plaintiff to revise her Amended Complaint to remove Ms. Leonard as a Defendant and file the revised Amended Complaint with the Court **on or before Friday, April 29, 2016**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 27, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE